1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11   CAMERON R. TERHUNE,                    )   Case No.: 1:16-cv-00585-JLT
                                            )
12              Petitioner,                 )   ORDER TO SHOW CAUSE WHY THE PETITION
                                            )   SHOULD NOT BE DISMISSED FOR VIOLATION
13        v.                                )   OF THE ONE-YEAR STATUTE OF
                                            )   LIMITATIONS
14   STATE OF CALIFORNIA,                   )
                                            )
15              Respondent.                 )   ORDER DIRECTING THAT RESPONSE BE
                                            )   FILED WITHIN THIRTY DAYS
16                                          )
                                            )   ORDER REQUIRING PETITIONER TO FILE
17                                          )   MOTION TO AMEND CAPTION TO NAME
                                            )   PROPER RESPONDENT
18                                          )
                                            )
19                                          )   THIRTY-DAY DEADLINE
     _____)
20

21           The Court's preliminary review of the petition reveals that the petition may be untimely and

22   should be dismissed.  Also, Petitioner has failed to name the proper Respondent, which deprives the

23   Court of jurisdiction.

24   **A.        Preliminary Review of Petition.**

25           Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

26   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

27   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

28   Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

                                              1

1  corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

2  an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

3       The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

4  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

5  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

6  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

7  Herbst.

8  **B.**    **Limitation Period For Filing Petition For Writ Of Habeas Corpus**

9       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

10  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

11  filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

12  Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

13  The instant petition was filed on April 18, 2016[1], and thus, it is subject to the provisions of the

14  AEDPA.

15       The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal
16  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)
    reads:

17       (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court.  The
    limitation period shall run from the latest of –

18
19       (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;

20       (B) the date on which the impediment to filing an application created by
21  State action in violation of the Constitution or laws of the United States is
    removed, if the applicant was prevented from filing by such State action;

22  _____

23  [1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed
    filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court
24  clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
    mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might
25  be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit
    has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.
    Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
26  The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison
    authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly,
27  for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the
    petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing
28  date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.
    Petitioner signed the instant petition on April 18, 2016.  (Doc. 1, p. 15).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins on the date that the petitioner's direct review became final. Here, after pleading guilty, Petitioner was convicted of two counts of first-degree murder and several gun enhancements. (Doc. 1, p. 1). On April 13, 2010, the court sentenced Petitioner to an indeterminate term of 100 years to life. (Id.). As part of his plea agreement, Petitioner waived his right to appeal. (Doc. 1).

California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal, his direct review concluded on June 15, 2010, when the sixty-day period for filing a notice of appeal expired. AEDPA's one-year limitation period commenced the following day, on June 16, 2010, and Petitioner had until June 15, 2011 to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on April 18, 2016, almost five years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

3

1  **C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

2          Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

3  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

4  2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

5  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

6  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

7  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay

8  in the intervals between a lower court decision and the filing of a petition in a higher court.

9  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

10  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

11  omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

12  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

13  (9th Cir. 1999).

14          Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

15  For example, no statutory tolling is allowed for the period of time between finality of an appeal and

16  the filing of an application for post-conviction or other collateral review in state court, because no

17  state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v.

18  Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the

19  period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the

20  limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v.

21  Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir.

22  2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling

23  where the limitation period has already run prior to filing a state habeas petition.  Ferguson v.

24  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the

25  limitations period that has ended before the state petition was filed.");  Jiminez v. White, 276 F. 3d

26  478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the

27  petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir.

28  2006).

Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of Stanislaus County on January 2, 2016, and denied on February 4, 2016;[2] (2) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on February 17, 2016, and denied on February 29, 2016; and (3) petition filed in the California Supreme Court and denied on April 13, 2016.  (Doc. 1).  However, a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Thus, none of his three petitions afford Petitioner any statutory tolling under the AEDPA.    Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely.[3]

A.  Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases.  See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking

---

[2]  In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

[3]  The petition indicates that Petitioner filed a federal habeas petition in this Court in case no. 1:15-cv-01219-SMS, on August 6, 2015.  That petition was dismissed without prejudice on October 21, 2015 because none of Petitioner's claims had been exhausted in state court. Since the limitation period is not tolled during the time that a federal habeas petition is pending,  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002), the pendency of the earlier federal habeas case has no impact upon the Court's determination of the timeliness of the instant petition.

1   equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his

2   rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 560 U.S.

3   at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold

4   necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."

5   Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence,

6   "equitable tolling is unavailable in most cases."   Miles, 187 F. 3d at 1107.

7        Petitioner has made no express claim of entitlement to equitable tolling and, based on the

8   record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is not,

9   at this juncture, entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

10  However, pursuant to Herbst, the Court will provide Petitioner an opportunity to respond and provide

11  any additional evidence or information he has pertinent to the issue of timeliness.  If Petitioner's

12  response is not persuasive and determinative on the issue, the Court will recommend that the petition

13  be dismissed as untimely.

14  **D.    Proper Respondent.**

15       A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

16  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254

17  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme

18  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

19  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has

20  "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

21  1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the

22  chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21

23  F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or

24  parole officer and the official in charge of the parole or probation agency or state correctional agency.

25  Id.

26       Petitioner has named as Respondent "the State of California."   However, "the State of

27  California" is **not** the warden or chief officer of the institution where Petitioner is confined and, thus,

28  does not have day-to-day control over Petitioner.  Petitioner is presently confined at the Mule Creek

State Prison, Ione, California.  The current director or warden of that facility is Joe A. Lizarraga.  This is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility**.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

**In the interests of judicial economy, Petitioner *need not* file an amended petition.  Instead, Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.**

## ORDER

For the foregoing reasons, the Court ORDERS:

1. Within 30 days, Petitioner SHALL show cause in writing why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d);

2. Petitioner SHALL file a motion to amend the caption to name a proper Respondent within thirty days.

**Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **April 27, 2016**               **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE