# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON TERHUNE,<br><br>    Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>    Respondent. | Case No.: 1:16-cv-00585-DAD-JLT (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE<br><br>ORDER REQUIRING RESPONDENT TO FILE A RESPONSE<br><br>ORDER SETTING BRIEFING SCHEDULE |

In this motion, Respondent argues the petition should be dismissed based on a violation of the statute of limitations. Petitioner opposes the motion and claims he is entitled to tolling based on his mental impairment. In his reply, Respondent acknowledges Petitioner's opposition and his claims of mental health impairment and requests that the limitations issue be bypassed, without waiving the defense, because resolution of the timeliness issue could require an evidentiary hearing, documentary exhibits, and possibly mental health expert testimony. Respondent argues that judicial economy would be best served if the Court skipped over the relatively complicated limitations issue and proceed directly to resolution of the merits.

A district court is not required to rule on a limitations defense if the habeas petition may be denied on simpler grounds. Lambrix v. Singletary, 520 U.S. 518, 525 (1997); see, e.g., Curtis v. Giurbino, 2:01-cv-1562-GEB-DAD-P. The Court agrees that the limitations issue is potentially complicated and may entail a substantial amount of time and resources. In addition, it is very possible

1

that the limitations defense could be rejected and the case would then proceed to the merits. Therefore, in the interest of judicial economy, the Court finds that the action should proceed directly to the merits. Respondent's motion will be denied without prejudice and without waiving Respondent's limitations defense.

**ORDER**

Accordingly, the Court ORDERS:

1) Respondent's motion to dismiss (Doc. No. 14) is DENIED without prejudice;

2) Respondent is DIRECTED to file an Answer addressing the merits of the Petition within 60 days of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

3) Petitioner MAY FILE a Traverse within 30 days of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated: **September 26, 2016**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE